UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dipeshkumar Rameshchandra Patel,<br><br>    *Petitioner*,<br><br>v.<br><br>John Tsoukaris et al.,<br><br>    *Respondents*. | No. 2:25-cv-16951 (MEF)<br><br>ORDER |

The Petitioner is being held by federal immigration officials. See Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF 1) ¶ 1; Answer to the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF 3) at 5.

On September 11, an immigration judge determined that the Petitioner is "ineligible for bond" under a Board of Immigration Appeals decision. Petition ¶ 18; Petition, Exhibit E (ECF 1-5).

That decision, Matter of Yajure Hurtado, rests on the idea that immigration detainees like the Petitioner are held under 8 U.S.C. § 1225(b)(2)(A) (which does not allow for bond applications), rather than 8 U.S.C. § 1226(a) (which sometimes does). See 29 I. & N. Dec. 216, 229 (B.I.A. 2025)

But a plain-text reading makes clear that it is Section 1226(a) that applies to individuals situated like the Petitioner --- not Section 1225(b)(2)(A).[1]

As such, the Petitioner's current detention under Section 1225(b)(2)(A) is in violation the laws of the United States, and

---

[1] More than 20 federal decisions have landed on the same conclusion. See Castillo v. Lyons, 2025 WL 2940990, at *1 n.1 (D.N.J. Oct. 10, 2025) (noting this and collecting cases); accord Buestan v. Chu, 2025 WL 2972252, at *1 n.1 (D.N.J. Oct. 21, 2025); Order, Contreras Amaya v. Bondi, No. 2:25-cv-16742 (D.N.J. Oct. 26, 2025).

he is entitled to habeas relief. See 28 U.S.C. § 2241.[2]

What that relief might ultimately amount to is unclear. But at a minimum, it requires that the Petitioner be treated by the Respondents as detained under Section 1226(a).

The Respondents shall file a letter on or before November 4 at 11:00am, indicating whether the Petitioner has been afforded a bond hearing in accordance with Section 1226(a), and if not, why not.

IT IS on this 31st day of October, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[2] The respondents do not suggest that this Court lacks jurisdiction over the habeas petition. And with good reason. It is undisputed that the Petitioner was physically present in New Jersey when the habeas petition was filed. Petition ¶ 7; Answer at 5. That establishes habeas jurisdiction, even if, afterward, the Petitioner may have been moved out of the state. See Khalil v. Joyce, 777 F. Supp. 3d 369 (D.N.J. 2025).